Patrick C. Kershisnik (ISB No. 4607)
KERSHISNIK LAW, PLLC
C.W. Moore Plaza
250 South 5th Street, 2nd Floor
Boise, Idaho 83702
Phone:  208.947.5518
Fax:  888.859.4957

Attorney for Plaintiff

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BRANT MCDERMOTT, ) | |
| ) | Case No. |
| Plaintiff, ) | |
| ) | **COMPLAINT FOR UNPAID** |
| vs. ) | **OVERTIME WAGES UNDER** |
| ) | **THE FAIR LABOR STANDARDS** |
| PEASLEY TRANSFER ) | **ACT AND DEMAND FOR JURY** |
| AND STORAGE CO., ) | **TRIAL** |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff Brant McDermott ("McDermott"), for cause of action against the Defendant Peasley Transfer and Storage Co. ("Peasley Transfer"), complains and alleges as follows:

### PARTIES, JURISDICTION AND VENUE

1. McDermott is a resident of the City of Boise, County of Ada, State of Idaho.

2. Peasley Transfer is an Idaho corporation in good standing with its principal place of business in the City of Boise, County of Ada, State of Idaho.

3. At all times material hereto, McDermott has been an employee of Peasley Transfer.

1 – COMPLAINT FOR UNPAID OVERTIME WAGES UNDER THE FAIR LABOR STANDARDS ACT AND DEMAND FOR JURY TRIAL

4. Peasley Transfer is subject to the provisions of the Fair Labor Standards Act of 1938 as amended 29 U.S.C. § 201, *et. seq* ("FSLA").

5. Jurisdiction is proper pursuant to 28 U.S.C. §§ 1331 and 1337, and 29 U.S.C. § 201, *et. seq.*

6. Venue is proper with this Court because the actions complained of herein took place in the Ada County Idaho and is conferred by 29 U.S.C. § 216 and 28 U.S.C. § 1391.

7. Venue is proper in the Southern Division of the United States District Court for the District of Idaho pursuant to D.Id.L.Civ.R. 31.

8. The FLSA requires employers to make, keep and preserve records of the wages, hours, and other conditions and practices of employment, and to preserve such records. McDermott is entitled to review such records to ascertain and calculate accurate claims for damages.

9. Pursuant to Federal Rule of Civil Procedure 26(a)(1) and District of Idaho Local Rule 26.1, all employment records in possession of Peasley Transfer must be produced to McDermott as part of Peasley Transfer's initial disclosures.

## MCDERMOTT HAS A RIGHT TO UNPAID OVERTIME

10. At all times material hereto McDermott was employed as a manual laborer by Peasley Transfer.

11. At no time during the course of his employment was McDermott an "exempt employee" within the meaning of the FSLA.

12. At all times material hereto McDermott had the right to pay of one and one-half times his regular rate for every hour worked in excess of forty hours in a week pursuant to section 7(a) of the FLSA.

13.     During the course of McDermott's employment, Peasley Transfer paid McDermott an hourly wage which constituted McDermott's regular rate of pay within the meaning of 29 U.S.C. § 207(e).

14.     For the period from on or about December 1, 2006 to on or about July 1, 2008.McDermott's regular rate of pay was $10.00 per hour.

15.     For the period from on or about July 1, 2008 to on or about November 15, 2008 McDermott's regular rate of pay was $10.50 per hour.

16.     For the period from on or about November 15, 2008 to on or about March 3, 2010 McDermott's regular rate of pay was $11.00.

17.     Peasley Transfer's failure to pay overtime compensation to McDermott is a violation of 29 U.S.C. § 2207(a)(1), Fair Labor Standards Act of 1938.

18.     Peasley Transfer's violation of 29 U.S.C. § 207(a)(1) was a willful violation within the meaning of 29 U.S.C. § 255(a).

19.     Peasley Transfer's violation of the FLSA was willful because it knew the decision not to pay McDermott one and one-half time the regular rate for every hour worked in excess of forty hours in a week was unlawful or it acted in reckless disregard as to whether its actions were unlawful.

20.     The effect of Peasley Transfer's decision to pay McDermott the regular rate for every hour worked in excess of forty hours in a week was to deprive McDermott of due and owing overtime pay.

21.     Pursuant to 29 U.S.C. § 216(b), McDermott is entitled to recover from Peasley Transfer the amount of the unpaid overtime compensation and an additional equal amount as liquidated damages.

22. Pursuant to 29 U.S.C. § 216(b), McDermott is entitled to recover from Peasley Transfer his reasonable attorney fees incurred in this action as well as costs of the action.

## PRAYER FOR RELIEF

WHEREFORE, McDermott prays for judgment against Peasley Transfer as follows:

1. For an award of damages in the amount of McDermott's unpaid overtime wages in an amount to be proven at trial;

2. For an award of damages in an additional equal amount as liquidated damages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et. seq*, and its statutory subparts, specifically including 29 U.S.C. § 216;

3. For pre-judgment and post-judgment interest;

4. For McDermott's reasonable attorney fees and costs incurred herein pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq,* specifically 29 U.S.C. § 216(b); and

5. For such other and further relief, including statutory, general and special relief, at law and in equity, as the court deems just and proper.

DATED this 19th day of March, 2010.

KERSHISNIK LAW, PLLC


By: /s/ Patrick C. Kershisnik
Patrick C. Kershisnik
Attorney for Plaintiff

DEMAND FOR JURY TRIAL

A trial by jury on all matters triable in this case is demanded.

DATED this 19th day of March, 2010.

        KERSHISNIK LAW, PLLC


      By: /s/ Patrick C. Kershisnik
         Patrick C. Kershisnik
         Attorney for Plaintiff